## No. 6014.

### STATE OF LOUISIANA vs. ANDREW LEWIS.

The law does not declare ignorance a disqualification in a juror which will authorize a party to challenge him for cause.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborne*, J. Criminal case. *A. P. Field*, Attorney General, for plaintiff and appellee. *R. A. Hunter*, for defendant and appellant.

LUDELING, C. J. The defendant was convicted of manslaughter and sentenced to hard labor in the Penitentiary for ten years.

There are two bills of exceptions in the record. The first is to the refusal of the judge to sustain peremptory challenges to four persons, on the ground that they were incompetent because of their ignorance;

the second is to the action of the judge in excusing a juror because of his ignorance, after the State had accepted him.

In the last case, it seems that the judge did what the accused had just complained of the judge for not doing. It is not pretended that the accused desired to accept the juror, or that he was deprived of any right. The objection is frivolous.

In regard to the first bill of exceptions, it is sufficient to say that the law does not declare ignorance a disqualification in a juror which will authorize a party to challenge him for cause. Nor are the cases of the State vs. Push, 23 An. 14, and 25 An. 472, in point. In these cases the jurors could not understand the English language, and were therefore held to be incompetent jurors, as they could not understand the language in which the witnesses testified and the lawyers and judge spoke to them.

It is therefore ordered that the judgment appealed from be affirmed with costs of appeal.